IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-47,086-02






EX PARTE ISAAC WAYNE HAWKINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 73381-B IN THE 252nd DISTRICT COURT


FROM JEFFERSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to thirty years' imprisonment. The Sixth Court of Appeals affirmed his
conviction. Hawkins v. State, No. 06-97-00144-CR (Tex. App.-Beaumont, delivered December 18,
1997, no pet.). 

 Applicant contends he is actually innocent based upon newly discovered evidence. 
Specifically, the Applicant contends that two eyewitnesses to the aggravated robbery he allegedly
committed have come forward and produced affidavits which exonerate him of being the perpetrator. 
The trial court forwarded this application with a recommendation to deny relief on the basis that the
Applicant had not met his burden of proof because there were no affidavits present in the record. 
However, habeas counsel has filed a supplement to the writ which includes the affidavits from the
two eyewitnesses. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. In this case, the trial court
shall hold a live evidentiary hearing to resolve the actual innocence claim raised by the Applicant. 

 Because the Applicant is already represented by counsel, the trial court need not appoint an
attorney to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After conducting the hearing, the trial court shall make findings of fact as to whether the
affidavits in the record constitute newly available evidence, and whether the Applicant is actually
innocent on the basis of those affidavits. Ex parte Tuley, 109 S.W.3d 388 (Tex. Crim. App. 2002). 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 2, 2008

Do not publish